**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JANE ROE,                            ) | |
|              ) | |
|         Plaintiff,           ) | |
|              ) | |
|     v.                           ) | |
|              ) | |
| WASHINGTON COUNTY, MISSOURI,   ) | Case No. 4:12-CV-00781-TCM |
|              ) | |
|     and                       ) | |
|              ) | |
| PEACE OFFICER JOHN DOE,        ) | |
|              ) | |
|         Defendants.       ) | |

## <u>COMPLAINT</u>

### INTRODUCTORY STATEMENT

1.   While Plaintiff Jane Roe was in the custody of Defendant Washington County, Missouri, housed in the Washington County Jail, Defendant Peace Officer John Doe entered the room where Plaintiff Jane Roe was housed and forcibly raped her.

### JURISDICTION AND VENUE

2.   This action is brought pursuant to 42 U.S.C. § 1983 for deprivation of rights secured by the Fourteenth Amendment to the United States Constitution. The Court has jurisdiction over this action under 42 U.S.C. §§ 1983 & 1988, 28 U.S.C. § 1343 and 28 U.S.C. § 1331. Plaintiff Jane Roe invokes the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367 to hear and decide Plaintiff's claims arising under Missouri state law.

3.   Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) because the Defendants are located, and all incidents giving rise to this suit occurred, in this judicial district.

**PARTIES**

4.   Plaintiff Jane Roe is a citizen and resident of Washington County, State of Missouri and of the United States of America.

5.   At all times referred to herein, Peace Officer John Doe was a law enforcement officer employed by the Washington County, Missouri Sheriff's Department and was acting under color of law.

6.   Plaintiff Jane Roe sues Peace Officer John Doe in his individual capacity.

7.   Washington County, Missouri is a county, organized and existing pursuant to Missouri law.

**FACTS**

8.   On or about April 15, 2010, Plaintiff Jane Roe became a pre-trial detainee in the custody of Washington County, Missouri and was housed in the Washington County Jail.

9.   Thereafter, Plaintiff Jane Roe was periodically confined to a rest room where she spent her days and nights.

10. On a date after May 5, 2010, while confined in the rest room, Defendant Peace Officer John Doe entered the rest room and attacked and raped Plaintiff Jane Roe.

11. When Defendant Peace Officer John Doe entered the room, Plaintiff Jane Roe saw another man standing in the doorway.

12. As a result of the rape, Plaintiff Jane Roe became pregnant.

## COUNT I

## DEPRIVATION OF PLAINTIFF'S RIGHTS SECURED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, COGNIZABLE UNDER 42 U.S.C. § 1983

For her cause of action against Defendant Peace Officer John Doe in Count I, Plaintiff Jane Roe states:

13. Plaintiff Jane Roe incorporates by reference the allegations contained in paragraphs 1 through 12 of this complaint as though fully set forth herein.

14. Plaintiff Jane Roe was, at all times protected by the Fourteenth Amendment in the security of her person against attack and rape by a Peace Officer.

15. Defendant Peace Officer John Doe had access to Plaintiff Jane Roe such that he could perpetrate the crime of rape solely by virtue of his office and status as a Peace Officer.

16. As a direct result and consequence of the conduct of the Defendant, Plaintiff Jane Roe suffered and will continue to suffer injuries and damages.  Her injuries include the pain of the physical attack and the humiliation, emotional distress, depression and fear of having been viciously attacked, raped and impregnated while in the custody of Defendant Washington County.

17. The acts of Defendant Peace Officer John Doe were intentional, wanton, malicious, oppressive, reckless and callously indifferent to the rights of Plaintiff Jane Roe thus entitling Plaintiff Jane Roe to an award of punitive damages against Defendant Peace Officer John Doe.

18. If Plaintiff Jane Roe prevails, she is entitled to recover attorney's fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff Jane Roe prays for judgment against Defendant Peace Officer John Doe for compensatory damages in an amount that is fair and reasonable, for punitive damages, for attorney's fees and the costs of litigation, and for such additional relief as is just and proper.

## COUNT II

## MUNICIPAL LIABILITY OF DEFENDANT WASHINGTON COUNTY FOR DEPRIVATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, PURSUANT TO 42 U.S.C. § 1983

For her cause of action against Defendant Washington County in Count II, Plaintiff Jane Roe states:

19. Plaintiff Jane Roe incorporates by reference the allegations contained in paragraphs 1 through of this complaint as though fully set forth herein.

20. Defendant Washington County, Missouri caused the constitutional violation suffered by Plaintiff Jane Roe by its deliberate indifference to the rights of those in its custody and care.

21. Defendant Washington County, Missouri's deliberate indifference is evidenced by the fact that it does not have adequate space to house the number of inmates that are in its custody in the Washington County jail that resulted in Plaintiff Jane Roe being housed in a rest room.  There was no security monitoring of the rest room via video surveillance as exists, or should exist in every area where detainees are housed.  Further, Defendant Washington County did not take measures to assure the safety and security of detainees and in particular, the safety and security of female detainees who are and were housed in its facility.  As such, Defendant Peace Officer John Doe was able to enter the Washington County jail and move about unmonitored in an area where inmates are

housed and, in particular, was able to enter the restroom where Plaintiff Jane Roe was housed, undetected and unimpeded.

22. Defendant Washington County, Missouri was aware that its facility was overcrowded, was aware that overcrowded conditions result in less security for inmates and staff, was aware of the need to monitor all detainees at all times to assure their safety and was aware of the consequences, including the sexual assault of a detainee that was the predictable consequence of the conditions in the jail and its failure to provide proper security.

23. Despite Defendant Washington County, Missouri's knowledge of the risks to detainees that result from overcrowding and improper security, it continued and continues to house more inmates and detainees than is reasonable for safety and security and continued and continues to require female inmates to spend their days and nights in a rest room.

24. In addition, Defendant Washington County, Missouri failed to adequately train its staff and corrections officers as to security protocols necessary and sufficient to provide for the safety of all detainees and in particular, detainees who were housed in an unmonitored area such as the rest room that housed Plaintiff Jane Roe.

25.  As a direct result and consequence of the conduct and failures of Defendant Washington County, Missouri, Plaintiff Jane Roe suffered and will continue to suffer injuries and damages.  Her injuries include the pain of the physical attack and the humiliation, emotional distress, depression and fear of having been viciously attacked, raped and impregnated while in the custody of Defendant Washington County.

**WHEREFORE**, Plaintiff Jane Roe prays for judgment against Defendant Washington County, Missouri for compensatory damages in an amount that is fair and reasonable, for attorney's fees and the costs of litigation, and for such additional relief as is just and proper.

## COUNT III

### RESPONDEAT SUPERIOR LIABILITY OF DEFENDANT WASHINGTON COUNTY FOR DEPRIVATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, PURSUANT TO 42 U.S.C. § 1983

For her cause of action against Defendant Washington County in Count III, Plaintiff Jane Roe states:

26.    Plaintiff Jane Roe incorporates by this reference the allegations in paragraphs 1 through 25 as though fully set forth herein.

27.    Defendant Washington County is directly liable for the constitutional violations that Plaintiff Jane Roe suffered as Washington County hired and retained Defendant Peace Officer John Doe who, acting within the course and scope of his employment, power and authority, violated the constitutional rights of Plaintiff Jane Roe under the Fourteenth Amendment to the United States Constitution.

28.    Plaintiff Jane Roe acknowledges that respondeat superior liability is not a basis for liability of Defendant Washington County under existing law. Plaintiff Jane Roe submits that there exists a good faith argument for the modification of that rule based on the dissenting opinion of Justice Breyer in *Board of the County Commissioners of Bryan County v. Brown*, 520 U.S. 397 (1997), the dissenting opinion of Justice Stevens in *Oklahoma City v. Tuttle*, 471 U.S. 808 (1985), and based upon the literature addressing this issue.

29.    As a direct and proximate result and cause of the conduct of the employees, agents and servants of Defendant Washington County, acting within the course and scope of their employment, Plaintiff Jane Roe suffered and will continue to suffer injuries and damages.

30.    If Plaintiff Jane Roe prevails, she is entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff Jane Roe prays for judgment against Defendant Washington County, Missouri, and for compensatory damages, and for attorneys' fees and the costs of this litigation, and for other relief as is appropriate under the law.

## COUNT IV

## ASSAULT AND BATTERY UNDER MISSOURI STATE LAW

For her cause of action against Defendant Peace Officer John Doe in Count IV, Plaintiff Jane Roe states:

31.    By this reference, Plaintiff Jane Roe incorporates each and every allegation and averment contained in paragraphs 1 through 30 of this Complaint as though fully set forth herein.

32.    The acts of Defendant Peace Officer John Doe as described herein above, of attacking, raping, and impregnating Plaintiff Jane Roe were committed without just cause or provocation, and with the intent to cause Plaintiff Jane Roe offensive contact, bodily harm, apprehension of offensive contact, and apprehension of bodily harm, constituting an intentional assault and battery against Plaintiff Jane Roe.

33.    As a direct and proximate result of the malicious, brutal and outrageous conduct of Defendant Peace Officer John Doe, Plaintiff Jane Roe suffered and will

continue to suffer severe injuries and damages, including injuries and damages to her body and mind and special damages in the form of medical expenses.

34.   The acts of Defendant Peace Officer John Doe were wanton, malicious, and oppressive, and done with reckless indifference to the rights of Plaintiff Jane Roe, thus entitling Plaintiff Jane Roe to an award of punitive damages.

**WHEREFORE**, Plaintiff Jane Roe prays for judgment against Defendant Peace Officer John Doe for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action, attorney's fees and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT V

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER MISSOURI STATE LAW

For her cause of action against Defendant Peace Officer John Doe in Count V, Plaintiff Jane Roe states:

35. By this reference, Plaintiff Jane Roe incorporates each and every allegation set forth in paragraphs 1 through 34 of this Complaint as though fully set forth herein.

36. Defendant Peace Officer John Doe's actions in attacking, raping, and impregnating Plaintiff Jane Roe were extreme and outrageous, performed in an intentional or reckless manner, atrocious, and utterly intolerable.

37. Defendant Peace Officer John Doe knew or should have known that his actions in attacking, raping, and impregnating Plaintiff Jane Roe would cause Plaintiff Jane Roe to suffer emotional distress or, at the very least, he knew or should have known that those actions involved an unreasonable risk of causing Plaintiff Jane Roe to suffer emotional distress.

38. Plaintiff Jane Roe has suffered severe emotional distress that is medically diagnosable, medically significant, and of sufficient severity to require medical treatment.

39. The acts of Defendant Peace Officer John Doe, as described herein above, were intentional, wanton, malicious, and oppressive, and done with reckless indifference to the rights of Plaintiff Jane Roe, thus entitling Plaintiff Jane Roe to an award of punitive damages against Defendant Peace Officer John Doe.

**WHEREFORE**, Plaintiff Jane Roe prays for judgment against Defendant Peace Officer John Doe for compensatory damages in an amount that is fair and reasonable, and for punitive damages, plus costs of this action, and such other relief as the Court deems fair and appropriate under the circumstances.

<u>**COUNT VI**</u>

<u>**LIABILITY OF WASHINGTON COUNTY UNDER MISSOURI STATE LAW**</u>

For her cause of action against Defendant Washington County in Count III, Plaintiff Jane Roe states:

40. Plaintiff Jane Roe incorporates by this reference the allegations in paragraphs 1 through 39 as though fully set forth herein.

41. The conduct and failures of Defendant Washington County, Missouri, as described herein above, caused the injuries and harms suffered by Plaintiff Jane Roe, as described herein above.

42. Defendant Washington County housed Plaintiff Jane Roe in a rest room that was dangerously secluded, unmonitored, unsafe, and ill-equipped for human habitation and safety, and within a jail that was dangerously small, overcrowded, unsafe, and ill-equipped for human habitation and safety.

43. These dangerous conditions created a reasonably foreseeable risk of harm to Plaintiff Jane Roe.

44. Defendant Washington County had actual or constructive notice of the dangerous conditions, and its conduct and failures created the dangerous conditions.

45. Defendant Washington County failed to adequately train its staff and corrections officers as to security protocols necessary and sufficient to provide for the safety of all detainees and in particular, detainees who were housed in an unmonitored area such as the rest room that housed Plaintiff Jane Roe.

46. As a result of the foregoing conduct and failures of Defendant Washington County, Plaintiff Jane Roe suffered injuries and damages.

47. Further, Defendant Washington County is directly liable for the injuries suffered by Plaintiff Jane Roe as Defendant Washington County hired and retained Defendant Peace Officer John Doe who, acting within the course and scope of his employment, power and authority, committed acts that resulted in Plaintiff's injuries.

**WHEREFORE**, Plaintiff Jane Roe prays for judgment against Defendant Washington County for compensatory damages in an amount that is fair and reasonable, plus costs of this action, and such other relief as the Court deems fair and appropriate under the circumstances.

Dated: May 4, 2012

Respectfully submitted,

**THE RYALS LAW FIRM, P.C.**

  /s/ Steven J. Gunn
Steven J. Gunn (MO 57049)
Stephen M. Ryals  (MO 34149)
3120 Locust Street
St. Louis, MO  63103
Telephone: (314) 862-6262
Facsimile: (314) 880-2027
Email: gunn@rblawst.com
Email: ryals@rblawstl.com